IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODGER L. McAFEE, and MARK L. McAFEE,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, MIKE JOHANNS, Secretary of the Department of Agriculture, and JAMES R. LITTLE, Administrator of Farm Services Agency,<br><br>        Defendants.<br>_____ | CV F 96-5720 AWI SMS<br>    NEW CASE NUMBER<br><br>CV F 05-0438 OWW DLB<br>    PRIOR CASE NUMBER<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(6) AND ORDERS ON UNITED STATES' MOTION FOR ORDER OF JUDICIAL FORECLOSURE |

Case number 96cv5720 is an action by United States of America, Mike Johanns, Secretary of the Department of Agriculture and James R. Little, Administrator of the Farm Services Agency (collectively, "United States") to foreclose on farm property owned by the plaintiff in this case, Rodger L. McAfee ("McAfee") that had been offered as security for farm loans totaling $2,075,980. Case number 05cv0438 is an independent action by plaintiff McAfee pursuant to Rule[1] 60(b) of the Federal Rules of Civil Procedure to vacate the judgment in case number 96cv 5720. In the instant motion, United States moves to dismiss the complaint in Case number 05cv0438, and to issue an order of judicial sale on the subject property pursuant to the judgment in case number 96cv5720. Jurisdiction exists pursuant to 28 U.S.C. §§ 1345 and 1346.

_____

[1]     References to Rules hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

1 Venue is proper in this court.

2                    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

3          The Ninth Circuit's order affirming this court's grant of summary judgment in favor of

4 United States in case 96cv5720 provides the following background facts for this case.  The Ninth

5 Circuit noted McAfee and his wife purchased 1480 acres of farmland near the town of El Nido,

6 California in 1976.  Due to a severe drought in the area, the subsurface strata shifted and six

7 wells on the property failed.  McAffee sought loans to finance the reconditioning of the wells, or

8 to dig new wells.  Unable to secure private loans because of concerns of "questionable water

9 availability," McAfee eventually turned to the United States Farmers Home Administration

10 (FmHA).  McAfee received five loans from FmHA totaling $2,075,980.  From these loan

11 proceeds, McAfee paid $1.24 million in existing debts and used approximately $180,000 to

12 finance the well rehabilitation and drilling project.  See United States v. McAfee, 44 Fed.Appx.

13 223, 224 (9th Cir. 2002).

14          The allegations contained in McAfee's complaint in case number 05cv0438 differ sharply

15 from the facts presented in the Ninth Circuit's opinion regarding what transpired when the well-

16 drilling project was commenced.  The Ninth Circuit opinion and the complaint agree that the

17 attempt to recondition the existing wells failed and a decision was made to dig a number of new

18 wells.  The Ninth Circuit opinion noted that a test well was dug and demonstrated water

19 availability at a depth of about 420 feet, or at a depth below 600 feet, but no water was available

20 between these depths.  The Ninth Circuit opinion noted that, because of the expense of drilling to

21 greater depths, and because the water that was apparently available at 420 feet was sufficient for

22 McAfee's needs, the local FmHA official determined that the remaining wells should be dug to

23 the depth of 420 feet.  McAfee allegedly agreed.  See id.  In the complaint in case number

24 05cv0438, McAfee alleges the test well actually produced no useable water.  He alleges the local

25 FmHA official lied concerning the availability of water at 420 feet, and did so out of intense

26 personal dislike for McAfee and for the specific purpose of causing McAfee's farming operation

27

28                                                           2

to fail.

The new wells failed to produce water and McAfee's farming operation failed.  McAfee failed to make any payments on the FmHA loan after 1979.  Id. at 225.  The United States sued to foreclose on the El Nido property on June 27, 1996, in case number 96cv5720.

The United States moved for summary judgment in case 96 cv5720 on November 29, 1999.  Magistrate judge Snyder issued findings and recommendations on the motion for summary judgment on April 21, 2000.  This court adopted the magistrate judge's findings and recommendations and granted summary judgment in favor of the United States on September 27, 2000.  Judgment was entered on October 4, 2000.  Notice of appeal was timely filed on October 11, 2000.  The Ninth Circuit affirmed this court's grant of summary judgment in favor of the United States on August 13, 2002.  A certified copy of judgment from the Ninth Circuit was filed with this court on November 11, 2002.  McAfee timely filed a petition for writ of certiorari to the United States Supreme Court.  That petition was denied by the Supreme Court on October 6, 2003.  McAfee v. United States, 540 U.S. 817, 124 S.Ct. 77 (2003).

United States filed a First Amended Motion for Order of Judicial Sale on March 8, 2005.  McAfee filed a document titled "Opposition to Judicial Order of Foreclosure" on April 4, 2005.  The document McAfee filed was not actually an opposition to the motion for judicial sale, it was in the form of a notice of filing of an independent action pursuant to Rule 60(b) to ask this court to vacate the judgment in case 96cv5720.  Attached to the single page "opposition" is McAfee's complaint in his independent action to vacate judgment.  The "Complaint" is document number 1 in case number 05cv0438.  A First Amended Complaint was subsequently filed in case 05cv0438 on April 14, 2005.  The instant motion to dismiss case number 05cv0438 was filed by United States on August 11, 2005.  On September 12, 2005, McAfee filed a document titled "Notice of Motion and Motion for Plaintiff's Opposition to Motion to Dismiss and Notice of Motion to Request Leave to Amend Complaint" ("Opposition").  McAfee's Opposition is not a memorandum of points and authorities in opposition to United States' motion to dismiss.

Rather, the Opposition is a notice of intent to oppose the motion to dismiss at oral argument. McAfee's opposition to the motion to dismiss will presumably be based on McAfee's decision to file a document titled "First Amended Complaint," which was filled on September 9, 2005. As of the date of this order, there is no indication that the "First Amended Complaint" filed on September 9, 2005, has been served on the opposition in this case.

An examination of the docket for case number 05cv0438 indicates a document titled "First Amended Complaint" was filed on April 14, 2005. McAfee asserts that the document filed April 14, 2005 was identical in all respects to the original complaint except that the name of, and all references to, the now-terminated plaintiff, Mark McAfee, were deleted. McAfee alleges, and the docket indicates, that McAfee was directed to refile the April 14 complaint with proper case number and title. The document filed April 14, 2005, was never refiled.

## LEGAL STANDARD

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). As the Supreme Court has noted, when evaluating a complaint for failure to state a claim, the question is not whether the facts stated in the complaint, if proven, would entitle the plaintiff to any relief. Instead, the question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Hishon, 467 U.S. at 73. "[U]nder Rule 12(b)(6) the defendant has the burden of showing no

1    claim has been stated." <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir.1991).

2    Although a court ordinarily considers only the pleadings themselves when ruling on a

3    motion to dismiss for failure to state a claim, the court may consider facts outside the pleadings

4    of which judicial notice may be taken.  <u>See</u> <u>Heliotrope Gen. Inc., v. Ford Motor Co.</u>, 189 F.3d

5    971, 981 n. 18 (9th Cir. 1999).

6                                               **DISCUSSION**

7    **I. This Motion Addresses the First Amended Complaint Filed April 14, 2005**

8    Rule 15 provides a pleading "may be amended once as a matter of course at any time

9    before a responsive pleading is served, [. . . .] [o]therwise a party may amend the party's pleading

10   only by leave of the court or by leave of the adverse party."  McAfee contends his filing of a

11   document titled "First Amended Complaint" on September 9, 2005, is authorized as a matter of

12   course under Rule 15 because the court's Notice of Docket Correction on April 15, 2005,

13   constitutes a rejection of the April 14 document; perhaps something akin to striking the

14   document.  In addition, McAfee contends the April 14 document does not actually represent an

15   amended complaint, it merely represents minor changes intended to reflect the deletion of one of

16   the co-plaintiffs.  McAfee's contentions are both without merit.

17   The court acknowledges the docket clerk's instructions to "refile complaint to include the

18   case number and text 'FIRST AMENDED COMPLAINT' on the document" are ambiguous with

19   respect to the status of the case at the time the instructions were issued.  However, there is no

20   basis for McAfee's contention the docket clerk's instructions implies the pleading filed on April

21   14 should be deemed stricken.  Only the court may order a filed document stricken.  Docket

22   clerks do not have authority to strike pleadings absent an order from the court.  McAfee was

23   directed by the docket clerk's entry to correct the caption and to title the document as a "First

24   Amended Complaint," but McAfee has no basis to presume that disobedience of that order would

25   result in a filed document somehow being "unfiled" or stricken.

26   McAfee's contention that the April 14 Complaint does not represent an amendment of the

27

28                                                  5

original complaint is an attempt to skirt the one-amendment rule by contending that the document filed on April 14 was not really an amendment of the complaint. McAfee's contention lacks merit. McAfee presents no authority for the proposition that the filing of a pleading that reflects the termination of one of the named parties is not an amendment of the complaint. Certainly, the addition or deletion of parties from a complaint is of more than passing interest to the court and to the opposing party. Practically speaking, there is no basis by which a court could deem some additions or deletions of parties as material and others as immaterial such that a party could make any number of "immaterial" additions or deletions, but only one "material" addition or deletion. The court must presume that all changes that add or delete parties from the complaint are substantial and constitute amendments of the complaint as that term applies to Rule 15.

In addition, the court observes that, as of the date of this order, the court's record is devoid of any indication the September 9 "First Amended Complaint" was ever served on the opposing party. From the forgoing, the court will construe the September 9 "First Amended Complaint" as a "Proposed Second Amended Complaint" which McAfee proposes to properly notice and file when, and if, leave to file an amended complaint is granted. The court construes the instant motion as Defendant's motion to dismiss the April 14 document, which the court will hereinafter refer to as the "First Amended Complaint."

## II. Defendants' Motion to Dismiss

Rule 60(b) provides as follows in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party of a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; [. . . .] The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. [. . . .] This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside

1   a judgment for fraud upon the court.

2       In moving to dismiss McAfee's April 14 Complaint, United States contends McAfee's

3   action is both time-barred and barred by the doctrine of *res judicata*. For the reasons that follow,

4   the court agrees McAfee is barred from filing an independent action pursuant to Rule 60(b).

5       ### A. McAfee's First Amended Complaint is Time-Barred

6       Where, as here, the district court's judgment is not disturbed on appeal, the one-year time

7   limit for bringing an action pursuant to Rule 60(b) begins to run with the entry of judgment by

8   the district court, not the issuance of the appellate court's mandate. See <u>Simon v. Navon</u>, 116

9   F.3d 1, 3 (1st Cir. 1997) (Rule 60(b) time limit begins to run with the issuance of the appellate

10  decision only when the appeals court "has disturbed or revised legal rights or obligations which.,

11  by [the] prior judgment, had been plainly and properly settled with finality"). This court entered

12  judgment in favor of United States in case number 96cv5720 on October 4, 2000. The judgment

13  was affirmed by the appellate court. Thus, the one-year time limit for any action to vacate the

14  judgment began to run with the entry of judgment on October 4, 2000. McAfee's independent

15  action pursuant to Rule 60(b) was filed nearly three years and six months after the one-year

16  statute of limitation on actions pursuant to Rule 60(b) had run.

17      The final sentence from the above-quoted excerpt from Rule 60(b) sets forth the so-called

18  "savings clause" which essentially provides that Rule 60(b) does not limit the power of a court

19  "to set aside its judgement for fraud upon the court." <u>In re Intermagnetics America, Inc.</u>, 926

20  F.2d 912, 916 (9th Cir. 1991). This circuit has defined fraud upon the court as embracing "only

21  that species of fraud which does or attempts to, defile the court itself, or is fraud perpetrated by

22  officers of the court so that the judicial machinery can not perform in the usual manner its

23  impartial task of adjudging cases that are presented for adjudication." <u>Id</u>. at 916. "[F]raud upon

24  the court includes both attempts to subvert the integrity of the court and fraud by an officer of the

25  court." <u>Id.</u> "'Fraud upon the court' as a basis for equitable relief is construed narrowly in order

26  to preserve the finality of judgments, an important legal and social interest." <u>Luttrell v. United</u>

27

28                                  7

1  States, 644 F.2d 1274, 1276 (9th Cir. 1980).

2  　　　In the First Amended Complaint, McAfee attempts to invoke the "savings clause" by

3  alleging that perjured testimony by Mr. Dent, the local FmHA loan officer, mislead the court as

4  to factual issues that were central to the court's grant of summary judgment in case number

5  96cv5720.  McAfee alleges Mr. Dent falsely testified that the test well had produced water at a

6  depth of 420 feet when, in fact the well had produced no usable amount of water at that depth.

7  Assuming, as the court must for purposes of United States' motion to dismiss, that McAfee's

8  allegations concerning the falsity of Dent's testimony and McAfee's allegation that the false

9  testimony was prejudicial are true, the court must find that the alleged false testimony does not

10 constitute a fraud upon the court within the Ninth Circuit's definition of that term.

11 　　　"Generally, non-disclosure by itself does not constitute fraud on the court. [Citation.]

12 Similarly perjury by a party or witness, by itself, is not normally fraud on the court."  In re

13 Levander, 180 F.3d 1114, 1119 (9th Cir. 1999).  As the Levander court reasoned, perjured

14 testimony is not generally fraud upon the court because the court's processes are available to both

15 parties to confront the false testimony by, for example, cross examination or rebuttal witnesses.

16 Id. at 120.  This reasoning applies to McAfee's allegations of perjured testimony.  McAfee

17 presents nothing by way of evidence or allegation that he was prevented by Dent's perjured

18 testimony from presenting testimony, documents, or cross-examination to refute Dent's

19 testimony.  The action in case number 96cv5720 was commenced more than twenty years after

20 the test well was dug.  While McAfee alleges Dent was motivated by animus that McAfee could

21 conceivably have been made aware of only recently, there is nothing to suggest that McAfee

22 lacked knowledge that a well dug 20 years ago on his property had never produced usable water.

23 Further, there is nothing to suggest that the court's process were so debilitated by Dent's alleged

24 perjury that McAfee could not have presented his own testimony, or other evidence to prove his

25 contention that the test well produced no water at 420 feet.

26 　　　The perjury or false or misleading testimony McAfee alleges does not rise to the level of

27

28                                                      8

fraud upon the court within the meaning of the savings clause of Rule 60(b).  Consequently, the one-year time limit imposed by Rule 60 on an action to vacate the court's prior judgment is applicable in the present case.  McAfee's action, having been filed more than three years after the running of the one year time limit, is therefore time barred.

**B.      The Court Lacks Authority to Vacate a Judgment that has been Affirmed by the Appellate Court**

It is well established that "an inferior court has no power or authority to deviate from the mandate issued by an appellate court."  <u>Briggs v. Pennsylvania R. Co.</u>, 334 U.S. 304, 306 (1948).  However, "[w]hile it is true that issues considered and disposed of by an appellate court on appeal cannot thereafter be altered by a district court, [citation,] [the district court] may consider matters not explicitly or implicitly decided, [citation]."  <u>Panama Processes, S.A. v. Cities Serv. Co.</u>, 789 F.2d 991, 994 (2nd Cir. 1986).  Thus, the issue of whether this court has authority to grant the relief McAfee requests depends on whether the relief requested in the First Amended Complaint would alter a matter explicitly or implicitly decided by the appellate court.[2]

Central to McAfee's claims in the First Amended Complaint, is the allegation that his farming operation was ruined when FmHA officials falsely reported that the test well dug to a depth of 420 feet produced adequate water and insisted that all other wells being developed be dug to the same depth.  The Ninth Circuit addressed the identical claim in its decision affirming this court's judgment when it addressed McAfee's claims of equitable estoppel.  <u>See</u> <u>McAfee</u>, 44

---

[2]      The court acknowledges United States has framed their argument in the context of whether the doctrines of *res judicata* or collateral estoppel preclude McAfee's claims.  Because Rule 60 provides the district court power to vacate its own judgments for a variety of equitable causes, and thereby permits district courts to retry cases previously adjudicated between identical parties on identical issues, it constitutes an exception to the doctrines of *res judicata* or collateral estoppel.  It makes little sense logically for United States to assert these doctrines as arguments against McAfee's action when those doctrines are precisely the ones McAfee seeks exception to in his Rule 60 motion.  United States' argument in their reply brief that McAfee's action is barred because the decision of the Ninth Circuit affirming the judgment is *law of the case* is more appropriate to the context of this case.  Not wishing to pick nits, the court, without further discussion, declines to address United States' arguments with respect to the doctrines of *res judicata* or collateral estoppel and proceeds to discuss whether the court lacks authority to vacate its prior judgment.

9

Fed.Appx. at 226-227.  Specifically, the appellate court affirmed this court's conclusion that McAfee's claims that the government had committed affirmative misconduct were unfounded. Because the claims previously adjudicated by this court and the issue affirmed by the appellate court are essentially identical to the claim that is central to McAfee's First Amended Complaint – that is, the claim of governmental misconduct – this court cannot grant the relief McAfee seeks without disturbing the appellate court's mandate.  McAfee's claims are therefore barred because this court lacks authority to grant relief.

**III.  Leave to Amend**

McAfee requests that, in the event United States' motion to dismiss the First Amended Complaint is granted, that McAfee be granted leave to file a second amended complaint.  As previously discussed, the court construes the document filed by McAfee on September 9, 2005 titled "First Amended Complaint" as a proposed second amended complaint.

Rule 15 provides that, after the filing of the first amended complaint, leave to further amend "shall be freely given when justice so requires."  The Supreme Court has instructed that the "mandate of Rule 15 is to be heeded," and that refusal to grant leave to amended must be justified.  Foman v. Davis, 371 U.S. 178, 182 (1962).  The purpose of freely allowing amendment is to facilitate a proper decision on the merits.  Howley v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).  "Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint.  Id.  "Dismissal without leave to amend is improper unless it is clear, [ . . . ], that the complaint could not be saved by any amendment."  Thinket Ink Info. Res. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004).  "However '[a] district court does not err in denying leave to amend where the amendment would be futile."  Id.

In the document that has been deemed the Proposed Second Amended Complaint, McAfee makes a number of new allegations that he categorizes as fraud upon the court. McAfee's allegations that he characterizes as demonstrating fraud upon the court center around

1   bankruptcy proceedings that occurred in 1984 before Bankruptcy Judge J. W. Hedrick, Jr.

2   McAfee alleges the bankruptcy court authorized McAfee to acquire a loan from the Merced

3   Federal Land Bank for $665,500.00, which was to be placed in a first lien position over the El

4   Nido property.  McAfee alleges that various state actors, including U.S. attorneys and former

5   U.S. Congressman Tony Coehlo acted either individually or in concert to frustrate McAfee's

6   efforts to secure the loan. McAfee further alleges that U.S. attorneys were involved in the

7   removal of documents and tapes from the bankruptcy court files and that his attorney at the time

8   improperly permitted U.S. attorneys to sift through his files to remove important documents and

9   improperly cooperated with U.S. attorneys in their suit to foreclose on the El Nido property.

10  McAfee alleges the improper removal of documents from his case file occurred in 1999 and

11  2000.  Otherwise McAfee does not specify times for the other alleged instances of misconduct

12  amounting to fraud upon the court.

13      Again, assuming the truth of McAfee's allegations, this court finds that the alleged

14  misconduct does not constitute fraud upon the court as McAfee alleges.  The essence of fraud

15  upon the court is conduct of either the court or its officers that somehow prevents the *court that*

16  *rendered the judgement the movant seeks to vacate* from impartially adjudicating the case before

17  it.  McAfee does not allege that in 1996, when the case leading to the judgment he seeks to

18  vacate was commenced, he did not know of the order rendered by the bankruptcy judge in

19  proceedings that occurred 12 years previously and that he could not have discovered and offered

20  evidence of those proceedings and the orders made by the bankruptcy judge in the case that

21  commenced in 1996.  In other words, when the court inquires into allegations of fraud upon the

22  court, the focus is on fraud upon *this court* and upon the extent to which evidence was prevented

23  from being impartially presented before and considered by *this court.*  However egregious the

24  prior official misconduct may have been, there is no fraud upon the court unless misconduct by a

25  party or officer of the court prevented relevant evidence from being brought before, and

26  impartially considered by *this* court.  McAfee has not alleged any impediment caused by

27

28                                              11

misconduct of the opposing party or officer of the court that would have prevented him from presenting all the information he now alleges, to the extent the evidence would have been relevant, to this court during proceedings in case 96cv5720.

McAfee offers a separate category of facts that he alleges were recently discovered and could not have been known earlier through due diligence. The alleged new evidence consists primarily of allegations that, at the time the well work was being performed on the El Nido property, McAfee's then-wife Darlene was having an intimate relationship with Mr. Dent, who at the time was the FmHA official in charge of administering the McAfee's loan proceeds. McAfee alleges that, through this relationship, Darlene was coerced to "cooperate in Dent's scheme to destroy McAfee and the well drilling project." The only specific allegation McAfee makes in connection with Darlene's alleged involvement with Dent is that Darlene was forced to agree not to testify against the governmental agents on McAfee's behalf.

Here, as before, McAfee's allegations do not rise to the level of fraud upon the court. Notwithstanding the court's difficulty in understanding how Mr. Dent's powers of persuasion could overcome McAfee's power to subpoena Darlene's testimony, the fact remains McAfee has failed to show that the allegations that are central to McAfee's present claims were unavailable to him at the time United States commenced its foreclosure proceedings in 1996 because of fraudulent misconduct by the opposing parties or by officers of the court. That is, McAffee has failed to show that he could not have alleged and litigated the issue of the affirmative misconduct of Dent and other officials during the proceedings in case number 96cv5720 or that he was prevented by reason of fraudulent misconduct by the opposing party from raising the issue within the one-year time limit imposed by Rule 60(b). That McAffee's wife of the time may have had some minor role in the alleged misconduct does not establish fraud upon this court.

McAfee also alleges there exists newly discovered evidence not known or discoverable by him previously that "during the well project supervised by Dent, there never existed any well that produced any usable amount of water." McAfee alleges only that this evidence was not

previously available, not that it was unavailable as a result of misconduct on the part of an adverse party or officer of the court such that the unavailability could be considered the result of a fraud upon the court.

Both McAfee's First Amended Complaint and Proposed Second Amended Complaint indicate McAfee is aware that his action pursuant to Rule 60(b) is time barred unless he can demonstrate there was a fraud upon the court. The court must assume that McAfee has alleged such facts as he may fairly allege to support the allegations of fraud upon the court. Because the court has examined McAfee's allegations and found they do not state a claim for fraud upon the court, the court finds that McAfee has not carried and cannot carry his burden to allege facts sufficient to invoke the savings clause contained in Rule 60(b). The court finds further amendment of the complaint beyond that which was presented by the document construed as the Proposed Second Amended Complaint would be futile because McAfee cannot allege any facts that would justify exception to the one-year time limit for actions under Rule 60(b). Leave to amend is therefore not warranted.

THEREFORE, it is hereby ORDERED that:

1.  United States motion to dismiss case number 05cv0438 pursuant to Rule 12(b)(6) is hereby GRANTED;

2.  McAfee's request for leave to further amend the complaint in case number 05cv0438 is DENIED;

3.  The Clerk of the Court shall CLOSE case number 05cv0438 and all proceedings that are currently scheduled with respect to that case are hereby VACATED;

4.  McAfee shall file not later than 10 days from the date of service of this order, an opposition to United States' Motion for Order of Judicial Sale in case number 96cv5720 that specifically addresses the proposed order of sale or its terms and conditions and specifically sets forth any objections to those terms or conditions. If no opposition is

filed, McAfee shall be presumed to not oppose the order of judicial sale as proposed by United States, and;

5.    United States shall submit by e-mail a WordPerfect version of the proposed order of judicial sale in conformity with Local Rule 5-137(b).  The proposed order shall be directed to awiorders@caed.uscourts.gov and shall be submitted not later than ten (10) days from the date of receipt of this order.

IT IS SO ORDERED.

**Dated:    October 5, 2005**              _____/s/ Anthony W. Ishii_____
h2ehf                                         UNITED STATES DISTRICT JUDGE

14