**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RODGER L. McAFEE,** ) | **CV F 96-5720 AWI SMS** |
| ) | |
| Plaintiff, ) | **CV 05-0438 AWI DLB** |
| ) | |
| v. ) | |
| ) | **ORDER DENYING** |
| **UNITED STATES OF AMERICA,** ) | **PLAINTIFF'S MOTION FOR** |
| **MIKE JOHANNS, Secretary of the** ) | **RECONSIDERATION OF** |
| **Department of Agriculture, and JAMES** ) | **COURT'S ORDER OF** |
| **R. LITTLE, Administrator of Farm** ) | **OCTOBER 6, 2005** |
| **Services Agency,** ) | **DISMISSING ACTION** |
| ) | |
| Defendants. ) | |
| _____ ) | |

     In case number 96cv5720, United States sued to foreclosure on 1477 acres of land in El Nido, California, following default by Roger McAfee ("McAfee") on a number of Emergency Farm loans in the aggregate amount of $2,075,980.00. On February 25, 2005, the United States moved for an order of judicial sale and for a final order of foreclosure. In response to United States' motion for judicial sale, McAfee filed a separate action pursuant to F.R.C.P. 60(b) (hereinafter "Rule 60(b)) against the United States and other named defendants in case number 05cv0438. On August 11, 2005, United states moved to dismiss case number 05cv0438. On September 12,2005, McAfee filed an opposition to United States' motion that consisted of an attached document the court construed as a proposed second amended complaint in case 05cv0438. On October 6, 2005, the court issued an order granting United States' motion to dismiss case number 05cv0438 and directing McAfee to file an opposition directly addressing

United States motion for judicial sale in case number 96cv5720 (the "October 6 Order"). In the instant motion, McAfee has requested reconsideration of the court's October 6 Order and has filed an opposition to United States' proposed order of judicial sale that is based solely on the motion for reconsideration. For the reasons that follow, the court will deny McAfee's motion for reconsideration and will issue United States' proposed order for judicial sale.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (*en banc*). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). "Generally speaking, before reconsideration may be granted, there must be a change in the controlling law, the need to correct a clear error, or the need to prevent manifest injustice." Catholic Soc. Servs. V. Ashcroft, (No. CIV S-86-1343 LKK), 2002 U.S. Dist. LEXIS 19194, *57, n. 18 (E.D. Cal. July 25, 2002). The court will also accept, for purposes of this decision, McAfee's assertion that a court may properly grant reconsideration where the court has "patently misunderstood a party." Bank of Waunake v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1991) ("A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.")

McAfee alleges no intervening law nor does he allege any recently discovered and previously unavailable facts that would substantially alter the factual background of this case. Rather, McAfee contends the court may have misunderstood the facts alleged in the proposed second amended complaint ("proposed SAC") and may have applied the wrong legal standard in arriving at the conclusion the proposed SAC does not set forth allegations sufficient to constitute fraud upon the court.

Specifically, McAfee cites two specific instances where he alleges the proposed SAC does set forth facts sufficient to constitute fraud upon the court. First, McAfee contends that when he alleged in the proposed SAC that his attorney "wrongfully allowed government officials access to [McAfee's] case file in 1999 and 2000 and allowed these individuals to abscond with relevant evidence in the form of documents that could have been used to defend [McAfee] in the prior case 96cv5720," the allegation was sufficient to state a claim for fraud upon the court. Second, McAfee contends the court failed to correctly perceive the following conduct of his attorney as described in the Proposed SAC, as fraud upon the court:

> [McAfee's] previous Attorney unlawfully cooperated with the U.S. by intentionally failing to pursue McAfee's case diligently. Such errors and omissions include: Failing to depose any witness; and failing to raise McAfee's affirmative defenses in his Response to Plaintiff U.S. Motion for Summary Judgment. These actions perpetrated a fraud on the Court. These actions occurred in 1999 and 2000. These actions and omissions on the part of Thornton Davidson prevented McAfee from fully defending himself in Court by intentionally failing to pursue McAffee's case diligently. [. . . .]

In its October 6 Order, the court set forth the legal standard defining fraud on the court as follows:

> This circuit has defined fraud upon the court as embracing "only that species of fraud which does or attempts to, defile the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Id. at 916. "[F]raud upon the court includes both attempts to subvert the integrity of the court and fraud by an officer of the court." Id. "'Fraud upon the court' as a basis for equitable relief is construed narrowly in order to preserve the finality of judgments, an important legal and social interest." Luttrell v. United States, 644 F.2d 1274, 1276 (9th Cir. 1980).

October 6 Order at 7-8.

It is important to keep in mind that the underlying issue at this point in the proceeding is whether the court should exercise its discretion to allow McAfee to attack the judgment against him that was entered by this court on October 4, 2000, in case number 96cv5720 by means of a new action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The sole purpose of the court's inquiry into whether there was any fraud upon the court is to determine whether McAfee should be relieved of the one-year statute of limitations that is imposed by Rule 60(b).

3

Generally, the factors that the court weighs in determining whether to exercise its discretion to allow a new action under Rule 60(b) are equitable in nature. See Assmann v. Flemming, 159 F.2d 332, 336 (8 Cir. 1947) ("relief is equitable in character and must be administered upon equitable principles").  The provision of Rule 60(b) that requires the motion be filed within a reasonable time not to exceed one year balances respect for the finality of judgments and respect for the equitable right of the prevailing party to timely relief with equitable considerations of full and fair litigation on the merits. See Farm Credit Bank of Baltimore v. Ferra-Goitia, 316 F.3d 62, 66 (1 Cir. 2003) (circumstances to be considered include the length of the delay, the justification for it, and the prejudice (if any) associated with the granting of relief).  Lengthy delays in execution of judgment constitute a substantial prejudice to the prevailing party. See id.   Thus, as a rule, only the most egregious examples of misconduct, such a bribery of a judge, will constitute a "fraud on the court" for purposes of invoking the "savings clause," relieving a party from the one-year statute of limitations of Rule 60(b). Rosier v. Ford Motor Co., 573 F.2d 1332, 1338 (5 Dist. 1978).  This "savings clause" in Rule 60(b) emanates from the policy consideration that, even though society is best served generally by putting an end to cases that have been tried and judgment entered, equitable considerations demand that where *after discovered* fraud has disabled the court's ability to fairly adjudicate, relief should be granted regardless of the amount of time that has elapsed since judgment. Id.

From the foregoing, it follows that even where there is conduct that could be characterized as fraud on the court, that conduct must be such that the court or the parties were prevented from timely moving to vacate the judgment because of the fraud.  As Defendants have pointed out, Rule 60(b) is not intended to provided unsuccessful parties the opportunity to relitigate their case on an enhanced set of facts that could have been presented in the first case. See Frietsch v. Refct, Inc. 56 F.3d 825, 828 (7 Cir. 1995) (not the purpose of motion for reconsideration to allow party to complete presenting his case after the court has ruled against him).  Where, as here, a party seeks to circumvent the one-year statute of limitations by claiming

4

there was fraud on the court, the court must first determine whether the facts alleged amount to fraud on the court and, second, whether the circumstances surrounding the fraud are such that the balance of equities weighs in favor of excusing the moving party from the one-year statute of limitations.

"One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. [Citations] The conduct must be such as prevented the losing party from fully and fairly presenting his case or defense. [Citation.]" Id. at 1339.

Applying the foregoing analytical framework to the first set of facts alleged in the SAC that McAfee contends constitute fraud on the court - his attorney's alleged cooperation with opposing counsel to remove documents from his files - the court finds the allegations set forth are not sufficient to satisfy McAfee's burden in showing fraud on the court.  The facts alleged by McAfee are sparse, but in sum seem to allege that McAfee's then-attorney,  Mr. Thornton Davidson, allowed attorneys from the government to go through McAfee's files and remove one or more documents that might have been useful in McAfee's defense to the foreclosure action in case number 96cv5720.  Although it is not completely clear, McAfee appears to allege, at least in part, that Davidson allowed opposing attorneys to remove from his file a copy of the 1988 decision by the Bankruptcy Court judge that would have showed McAfee was granted permission to seek new loans.  McAfee alleges the removal of documents from his file occurred between 1999 and 2000.  McAfee makes no mention of when he discovered the files were missing or how the discovery was made or whether there was any effort to secure further loans in the eleven-year time span between the Bankruptcy Court order and the commencement of the instant case.

 McAfee offers as evidence an unsworn letter from a friend, one Joseph Butterweck, D.V.M., who wrote to concur with some of the allegations set forth in the proposed SAC. Putting aside any problems the court might have with an unsworn letter as evidence of particular facts in a case, the court notes first that Butterweck does not make any statements with regard to

5

the actual taking of the documents from McAfee's file.  Rather he reflects only that Davidson was "unforgiving" in allowing the documents to be lost.  Second, there is no apparent basis for any independent knowledge on Butterweck's part of the specific factual allegations set forth in the proposed SAC.  Butterweck appears only to reflect what he has heard McAfee complain about with regard to Davidson except that Butterweck relates some independent conversations with Davidson that shed no real light on McAfee's allegations.  As it stands from the facts alleged, the court may only infer that Davidson allowed for the removal from one or more documents from McAfee's file.  The court has no basis for making a finding of collusion or fraudulent intent.  McAfee's bare allegation that his attorney intended to "throw the case" is insufficient.

With regard to McAfee's claim that his attorney colluded with opposing attorney to "throw the case," the court must conclude that, although such conduct could possibly rise to fraud on the court if adequately demonstrated, McAfee has failed to make that showing or to allege facts that, if true would be sufficient to conclude there was actual collusion.  In addition, even if the court were to accept McAfee's bare allegations as sufficient proof of improper collusion, that would not be sufficient cause for the court to reverse its dismissal of McAfee's Rule 60(b) action.  McAfee does not allege that the facts of Davidson's alleged misconduct were "after discovered" and that McAfee could not have raised his claims of attorney misconduct prior to judgment in the case or, at minimum, within the one-year time limit usually applicable to Rule 60(b) actions.

As to the second set of facts that McAfee alleges in the proposed SAC constitute fraud on the court - his attorney's alleged failure to depose witnesses or raise defenses - the court concludes the alleged facts simply do not rise to the level of fraud on the court.  Simply stated, McAfee's allegations, if true, show that McAfee may have failed to litigate his case as fully as he might have, but nothing about McAfee's allegations regarding his attorney's inaction implicates the ability of the court to adjudicate.  At most, McAfee's allegations might give rise to a claim

for malpractice by his attorney, but the conduct alleged is far from setting forth a claim of fraud on the court.

The court has reviewed McAfee's argument that the court failed to properly construe the allegations set forth in the proposed SAC constitute fraud on the court and concludes the court did not commit error, plain or otherwise. After review of all McAfee's submissions, the court concludes he has not alleged facts sufficient to meet the high standard to show there was fraud on the court. Because the court finds there was no fraud on the court, the "savings clause" of Rule 60(b) is not applicable and McAfee's claim action pursuant to Rule 60(b) is time-barred. Reconsideration of the court's prior dismissal of case number 05cv0438 is therefore not appropriate.

McAfee contends he should be allowed in any event to amend his complaint because he "could easily allege facts sufficient to support a claim for fraud upon the court." It should have been clear to McAfee from the outset that the timeliness of his action pursuant to Rule 60(b) was at issue and that the only way he could overcome the one-year statute of limitations was to establish there was fraud on the court. McAfee has had abundant opportunity to do just that but has failed to do so. The court can see no reason to afford McAfee yet another opportunity to draw out these proceedings by adding another increment of enhancement to the facts of his case. The court also finds that to delay these proceeding further would work substantial prejudice on United States. The court will deny McAfee's Motion for Reconsideration and will issue the order of judicial sale forthwith.

THEREFORE, it hereby ORDERED that McAfee's motion for reconsideration of this court's order of October 6, 2005, dismissing case number 05cv0438 is DENIED.

IT IS SO ORDERED.

**Dated:**    **November 23, 2005**           **/s/ Anthony W. Ishii**
h2ehf                                         UNITED STATES DISTRICT JUDGE