IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RODGER L. McAFEE,** ) | **CV F 96-5720 AWI SMS** |
| ) | |
| Plaintiff, ) | **CV 05-0438 AWI DLB** |
| ) | |
| v. ) | |
| ) | **ORDER DENYING STAY OF** |
| **UNITED STATES OF AMERICA,** ) | **ORDER OF JUDICIAL SALE** |
| **MIKE JOHANNS, Secretary of the** ) | **PENDING APPEAL** |
| **Department of Agriculture, and JAMES** ) | |
| **R. LITTLE, Administrator of Farm** ) | |
| **Services Agency,** ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is a request for a stay pending appeal by Rodger L. McAfee ("McAfee") of this court's order of judicial sale issued in case number 96cv5720 on November 30, 2005. Although McAfee does not specify any statutory authority for his request for stay, the court presumes the request is pursuant to Rule 62(c) of the Federal Rules of Civil Procedure. For the reasons that follow, the request for stay will be denied.

In Case number 96cv5720, the court granted summary judgment in favor of United States in its action to foreclose on ranch property owned by McAfee used to secure unpaid loans from United States Farmers Home Administration. The court's judgment in case number 96cv5720 was affirmed by the Ninth Circuit Court of Appeal on August 13, 2002. McAfee's petition for writ of certiorari was denied by the Supreme Court on October 6, 2003. McAfee v. United States, 540 U.S. 817, 124 S.Ct. 77 (2003).

United States filed a First Amended Motion for Order of Judicial Sale on March 8, 2005. McAfee filed a document titled "Opposition to Judicial Order of Foreclosure" on April 4, 2005, which was not actually an opposition but was a notice of filing of the independent action pursuant to Rule 60(b) to ask this court to vacate the judgment in case 96cv5720. The Opposition became case number 05cv0438. Case number 05cv0438 represented an attempt by McAfee to institute an independent action pursuant to Rule[1] 60(b) of the Federal Rules of Civil Procedure to vacate the judgment in case number 96cv 5720.

The original complaint in case number 05cv0438 was filed on April 4, 2005. A First Amended Complaint was filed on April 14, 2005. As previously noted by the court, Rule 60(b) provides that a motion pursuant to Rule 60(b) must be made within one year of the judgment the motion seeks to vacate. Rule 60(b) also provides the one-year time limitation is not a bar if there has been a fraud on the court. In the First Amended Complaint, McAfee attempts to invoke this so-called "savings clause" of Rule 60(b) by alleging that perjured testimony by Mr. Dent, the local FmHA loan officer, mislead the court as to factual issues that were central to the court's grant of summary judgment in case number 96cv5720. McAfee Submitted a proposed Second Amended Complaint concurrently with his opposition to the Defendants motion to dismiss case number 05cv0438. McAfee requested that, if the court were to grant Defendants motion to dismiss, he be granted leave to amend with the proposed Second Amended Complaint ("SAC"). McAfee was aware when he filed his motion pursuant to Rule 60(b) that the time provided by statute for filing of the motion had long since passed. Consequently, McAfee attempted, both by argument and through the factual allegations in the First and Second Amended Complaints to invoke the savings clause of Rule 60(b) by alleging there was fraud on the court.

This court, in its order of October 6, 2005, analyzed the factual allegations contained in both the First and proposed Second Amended Complaints and found the factual allegations failed

---

[1] References to Rules hereinafter are to the Federal Rules of Civil Procedure unless otherwise specified.

to allege fraud on the court. Doc. 29 at 12:13. The court also found that, because this court "lacks power or authority to deviate from the mandate issued by an appellate court," Briggs v. Pennsylvania R. Co., 334 U.S. 304, 306 (1948), it is without authority to grant McAfee's Rule 60(b) motion because the grant of the motion would have the effect of reversing the appellate court's judgment in case number 96cv5720. On October 6, 2005, this court granted United States' motion to dismiss case number 05cv0438.

McAfee moved for reconsideration of the court's order of October 6, 2005, contending that the SAC contained sufficient facts to justify a finding of fraud on the court. On November 30, 2005, this court denied reconsideration, finding that the facts alleged in both the First and Second Amended Complaints, as well as enhanced versions of the same facts alleged in the motion for reconsideration, did not rise to the level of fraud on the court. Doc. 41 at 6:21-26.

The Ninth Circuit has stated that "[t]he standard for evaluating stays pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). In the specific context of stay pending appeal, the Ninth Circuit has articulated a three-factor test: "(1) have the movants established a strong likelihood of success on the merits?, (2) does the balance of irreparable harm favor the movants?, (3) does the public interest favor granting the injunction?" Digital Commc'n Network, Inc. v. AB Cellular Holding LLC., 1999 WL 1044234 at *3 (C.D. Cal.) (citing Warm Springs Dam Task Force v. Gribble, 566 F.2d 549 (9th Cir. 1977). The Supreme Court employed a similar four-factor analysis in Hilton v. Braunskill, 481 U.S. 770 (1987). In Hilton, the Supreme Court held whether a stay pending appeal is warranted depends on "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776.

It should be noted that McAfee also cites Los Angeles Mem'l Coliseum v. Nat'l Football

3

League, 634 F.2d 1197, 1201 (9th Cir. 1980) to support his argument that a stay is warranted where there is "either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in [the moving party's] favor." Id. Los Angeles Coliseum is not on point in this case because it deals with a party's request for pre-litigation preliminary injunctive relief. The court consequently rejects the test set forth in Los Angeles Coliseum as inappropriate to this case. See Digital Comm'n Network 1999 WL 1044234 at *4 (rejecting Memorial Coliseum factors in favor of Hilton analysis in consideration of request for stay pending appeal). McAfee conceeds the four-factor test in Hilton is appropriate in this case and the court will proceed according to the factors set forth there.

McAfee contends there is a likelihood of success on the merits because the court may be found to have misapplied the futility standard in refusing to grant McAfee leave to amend his complaint in case number 05cv0438. McAfee's argument misses the mark. The "success on the merits" referred to in the Hilton factors refers to McAfee's likelihood of success in achieving a reversal of the judgment in case number 96cv5720. It is that judgment that authorized the order of judicial sale from which McAfee now seeks a stay. This court based its denial of McAfee's attempt to vacate its judgment in case number 96cv5720 through his Rule 60 motion on the facts that: (1) McAfee could not be relieved of the time limitations imposed by Rule 60 because he had not alleged fraud on the court despite at least three attempts to do so; and (2) this court cannot grant a motion that has the effect of reversing the judgment of the appellate court. Thus, in order to make a strong showing of likelihood of success on the merits, McAfee will be required to (1) show that he has a *strong probability* of being able to show there was actual fraud on the court even though he has failed to do so in at least three tries; *and* (2) show there is a strong probability that this court's finding that it is prevented from granting McAfee's Rule 60(b) motion because this court cannot reverse the judgment of the court of appeals is somehow erroneous.

McAfee's only contentions in this regard are that the court may have misapplied the

futility standard and that if McAfee were granted further leave to amend his complaint there is at least some possibility in the abstract that the allegations in that complaint would be sufficient to state fraud on the court. The court finds nothing in McAfee's argument in this case that could possibly justify a departure from the court's previous rulings on this subject. The court must conclude its previously expressed reasoning in denying McAfee's Rule 60 motion remains substantially unrefuted. Thus, the likelihood that McAfee will achieve success on the merits of his Rule 60 motion and achieve reversal of the judgment against him is essentially nil.

As to hardship, the court notes the uncontested facts of both case number 96cv5720 and 05cv0438 establish that McAfee failed to make any payments on the FmHA loan after 1979. Thus, McAfee has had the benefit and use of the property secured by the loan for nearly 27 years without having made any payments on the loan, and he has had the use of the property for at least 10 years since the action to foreclose was commenced by United States. As discussed in the court's order of October 6, 2005, McAfee has had more than adequate time to make his case that he was somehow not obliged to make payments on the loan or that he suffered some offsetting injury at the hands of the lenders or their agents. Having failed to make any timely argument to excuse the non-payment of his debt, McAfee cannot now claim hardship when the lender finally seeks satisfaction of the loan amount.

McAfee contends there will be harm to third parties if the stay is not issued and that public policy will be offended. This contention is based on McAfee's allegation that he plans to institute a social experiment wherein plots of land are to be handed over to tenant farmers in a type of communal family farm enterprise. While such a use may constitute a worthwhile social experiment, the court is not persuaded that McAfee's future plans, and the interest of other people in those plans constitute the sort of public interest that would counterbalance the public's interest in the timely satisfaction of valid governmental claims. As between the hopes or expectations of any persons that may be interested in McAfee's experiment, those expectations being at best contingent and speculative, and the interests of the public in avoiding further

financial loss on the loan principle, the balance certainly favors the latter.  McAfee presents no authority for the proposition the mere invocation of an interested class of persons who may wish to participate in a novel social experiment shifts public policy away from the payment of just debts and toward social experimentation.

     After full consideration of the factors set forth in <u>Hilton</u>, the court concludes there is no legal basis for this court to issue a stay pending appeal.  McAfee's request for stay pending appeal is therefore DENIED.

IT IS SO ORDERED.

**Dated:   March 28, 2006**                             **/s/ Anthony W. Ishii**
0m8i78                                           UNITED STATES DISTRICT JUDGE